THE FLOUR CITY NATIONAL BANK of Rochester, N. Y., Appellant, *v.* GEORGE McKAY, Respondent.

*Action on a promissory note — acceptance of other security and agreement to surrender the note — accommodation maker, released.*

If it is shown, upon the trial of an action brought against the accommodation maker of a promissory note, that the plaintiff, in consideration of the conveyance to it by the maker and indorser of the note, of other security for the indebtedness to which such note was collateral, agreed with the indorser, for whose benefit the note was made, to surrender the note (of which agreement. the accommodation maker had knowledge) but failed to do so, the action is not maintainable against the accommodation maker.

APPEAL by the plaintiff, The Flour City National Bank of Rochester, N. Y., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 2d day of June, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 18th day of May, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*George F. Yeoman* and *Joseph W. Taylor*, for the appellant.

*Walter S. Hubbell*, for the respondent.

LEWIS, J.:

This action was brought to recover a balance claimed to be due on a promissory note for $1,500 made by the defendant on the 5th day of December, 1888, payable to the order of James J. Guthrie and by him delivered to the plaintiff. The making and delivery of the note were admitted by the answer. The defense relied upon appears in the testimony of defendant and Mr. Guthrie.

The sole question presented by this appeal is whether the verdict was so far against the weight of evidence that it should for that reason be set aside. Guthrie's testimony, if true, made out a defense. He testified that the note in suit was made by the defendant for his, Guthrie's, accommodation solely; that he delivered it to the plaintiff bank; it was credited to his account at the bank upon a past indebtedness; that after his failure, by request, he met Mr. McNaughton, the attorney of the bank, and Mr. Hathaway, its

president; that they requested him to confess a judgment for the amount of his indebtedness to the bank and to assign certain securities belonging to him, including a mortgage for $5,000, and also to transfer to the bank about 2,000 bushels of malt belonging to him and the defendant as co-partners; that he told them that he would give them an assignment of the malt and of the $5,000 mortgage upon condition that the bank would surrender certain notes which it held as collateral security for his indebtedness to the bank; that he called attention particularly to the note in question and insisted as a condition of making the transfer that it should be surrendered. The subject of McKay's financial standing was discussed, and it was stated that about all he had was the interest in his malt, and it was agreed that the mortgage and the malt should be transferred to the plaintiff and in consideration thereof they would surrender the note of defendant; that he did thereupon assign the mortgage, and thereafter the defendant, in whose name the title to the malt stood, transferred the malt to the plaintiff.

McKay testified that he had learned from Guthrie, before executing the transfer of the malt, of the arrangement he had made with the bank in regard to surrendering the notes. The testimony tended to show that Guthrie had advanced most of the money for the purchase of the barley from which the malt was made. McKay, however, had put into it the sum of $474.68. The malting business had been done in his name. The plaintiff, after obtaining the mortgage and malt, refused to surrender the notes. The president of the bank and the attorney testified that they had no recollection of having agreed to surrender the McKay note; that no such agreement was made.

Other facts appeared in evidence, which tended in some degree to corroborate the testimony of Guthrie and McKay.

The trial justice who saw the witnesses and heard their testimony was of the opinion that the verdict was not against the weight of evidence.

After an examination of the case we incline to the same opinion. It follows that the judgment and order appealed from should be affirmed.

Dwight, P. J., and Bradley, J., concurred.

Judgment and order affirmed.